9th Circuit Docket No. 18-10486, and this hearing is in respect to Mr. Morgovsky's request that the court grant him leave to represent himself in this appeal. Let me begin by taking the appearance for counsel for Mr. Morgovsky. Good afternoon, Your Honor. Todd Borden from the Federal Defender's Office here in San Francisco on behalf of Morgovsky. Okay. Thank you. Also present, I should note, is Carmen Smaran-Doyou, who's our appellate chief, and Mr. Kalar, who leads the office. Thank you for coming. Good morning, Your Honor. Naum Morgovsky? Yes. Thank you, Mr. Morgovsky. You can be seated. Let me take appearances for the government, and we'll get back to you in a moment. Good afternoon. Matthew Yelovich, appearing on behalf of the United States. Okay. Thank you very much. All right. I want to inform everybody that the proceedings today are recorded, and the recording of this hearing will be available on the court's website in the event that it's needed for any of you. So I'm going to begin by asking Mr. Morgovsky to appear at the podium. Mr. Morgovsky? And I'm going to ask— I can't hear you, Your Honor. I know. This is a beautiful courtroom, and it's fairly small, but the acoustics are not good, and that's why it's important for you to speak into the microphone so that we can pick up everything that's being said. I understand. Here I can hear well. Yes. Good. So I'm going to ask the courtroom deputy to administer the oath to you because I'm going to have some questions that I'm going to want you to answer under penalty of perjury. I understand. So please proceed. Please raise your right hand. Do you solemnly affirm the statements you are about to make in the case now support both the truth and the lies, and not the false truth, and wish to do so under the same penalty of perjury? I do. Mr. Morgovsky, do you have any physical or mental impairments that would affect your ability to participate fully and knowingly in the proceedings today? No. Are you under the influence of any drug? No, not at all. Are you able to hear me and to respond freely? Yes. In response to your request to represent yourself in this appeal, the court has authorized me to conduct this hearing to make sure that you understand the dangers and disadvantages of self-representation on appeal. I understand. And that your request is knowing, intelligent, and unequivocal. Do you understand? Absolutely. You have the right to counsel in this appeal. If you cannot afford to retain counsel, you are entitled to have counsel appointed to represent you at government expense. The court also has discretion to allow you to represent yourself if your request is knowing, intelligent, and unequivocal, and is not intended to delay the proceedings on appeal. In determining whether the court will allow you to represent yourself, the court will first inform you of the dangers and disadvantages of self-representation on appeal. Second, inquire whether the issues on appeal are so complex that the assistance of counsel would aid the court in deciding the case. And third, inquire whether granting self-representation could unduly burden the court or counsel or undermine the integrity of the outcome. Do you understand all that? You also may withdraw your request to represent yourself, and in that event, you may continue with current counsel. The court of appeals does not permit the appointment of advisory or standby counsel, so you can't represent yourself and simultaneously have counsel appointed to assist you. Do you understand that? I understand. All right. What I'd like to do is just get a little bit of background from you. I know there's dribs and drabs and smidges of this throughout the record, but it would be helpful for me to have a record of your education, your job history, and writing experience. So let me start by asking you about your education. I have a sort of equivalent to master's degree in mechanical engineering from a university, college in Russia. I graduated in 1967. All right. Well, I'm sorry. I went to college in 1967. I graduated in 1973. Okay, with the equivalent of a master's degree in mechanical engineering. Yes. All right. And that was the last formal education that you had. I took some courses in pipe stress design and related courses when I was employed by Bechtel Power Corporation in San Francisco. All right. I'm wondering, can you move the microphone a little closer to you? I'm getting – I was getting some – it's been going on and off. Hello? Is it better? Okay, that's good. I want to make sure it's being recorded. All right. And then can you describe your job history? So you graduated in 1972, and you were in Russia at the time. In 1973. 73. And then – so what was your job experience after that? After that, I worked as a designer, then design engineer, then senior design engineer, then leading design engineer, then engineering department manager. And then after that, I immigrated to the United States. When did you emigrate to the United States? In 1979. As a political refugee. All right. And after you got to the United States, what was your employment history? First, I was employed as a dishwasher in a Chinese restaurant. And then I was hired as a designer by Bechtel Power Corporation. When did that occur? It was – I worked for Bechtel Corporation in 1980. So your dishwashing career was mercifully short. Yes. Okay. All right. And then in 1991, I went to work for Memorex Corporation as a senior project engineer and worked there until, I believe, 1983. I'm sorry. I thought I heard you say you started in 1991 at Memorex. No. At Memorex, I started in 1981. 1981. All right. So you were in Bechtel for a year, then you went to Memorex. Yes. Okay. And then – I'm sorry. Then you, in 1983, was the next change? In 1983, I became self-employed engineering consultant, and I worked as an engineering consultant for a startup company, AG Associates, in Palo Alto. Okay. Designing instruments for annealing semiconductor wafers. And then in early 1984, out of my garage, I started the cabinet manufacturing business, which I grew from my garage to a sizable, fully computerized and automated operation, and I was in business for 20 years. At the same time, in 1991, I started the business of designing, manufacturing, and importing night vision equipment. And in 2003, I closed both businesses due to significant financial losses. And after that, I've been self-employed. Doing what? Primarily being in night vision optical business. Okay. In the course of your career, have you had occasion to write evaluations, reports, any kind of analytic writing that would be similar to the kind of analytic writing that you would be expected to do in preparing a brief on appeal in the Ninth Circuit? Between approximately 1999 and present, I have written many briefs for several attorneys in the Bay Area and worked as a part-time assistant to John J. Hartford, who has practiced law for 40 years and who relied on me in many of his briefs, both in California courts and federal court and course of appeal. So did you have any training that prepared you to write briefs for attorneys? Yes. Starting approximately in 1987, when I was self-employed and my business was a sole proprietorship, because I was sole proprietor, I could represent myself in litigation pertaining to my business. And my business was also construction-related, and I was a licensed contractor for a number of years. And being a subcontractor on a number of projects, including some government projects, there have been a lot of disputes where general contractors who tend to abuse subcontractors failed to pay my company. So I got involved in multiple litigation in that regard and quite successfully. And did you represent yourself or your companies, your sole proprietorships in that litigation? Yes. I primarily represent myself. Okay. Okay. So in these proceedings, both in the trial court and in the court of appeals, based on your experience, have you participated in drafting any of the filings that made their way to the Ninth Circuit in your case or in your wife's case? I have assisted my wife extensively in her filings, and I assisted my attorneys when I was in trial court in this case. And I assisted my attorneys in this appeal, and my attorneys adopted most of my arguments, not to a sufficient extent, which I requested, but they adopted primarily my arguments and my motion for bail pending appeal. And did you assist in drafting the omnibus motion in your wife's case and the one that included the motion for bail pending appeal? To some extent. And was Mr. Hartford involved in that as well? Yes. And I liaised with Mr. Hartford with regard to both myself and my wife. And did you draft the supplemental declaration that was filed last week? Yes. Okay. Thank you. All right. So you understand that there is an attorney-client privilege that protects you against disclosures of confidential communications between you and your attorney, right? I do. All right. So without divulging any such communication, if you can, and you can speak in general terms so as to avoid disclosing any privileged communications with your attorney, why is it that you want to represent yourself on appeal when you are entitled to have experienced counsel represent you at no cost to you? The central issue in my appeal is that my conviction is void because the regulation under which I was convicted is unconstitutional and was issued by administrative agency without statutory authorization. This issue was a central issue or the central issue in my motion for bail pending appeal. I was represented by Elizabeth Falk, who was appointed to represent me, and worked closely with her on that issue. She eventually went on a maternity leave. Because there were multiple issues in my motion for bail pending appeal, that central issue was not briefed extensively enough, and it was agreed between Ms. Falk and myself that my wife's attorney, who represented her at that time, would brief the remainder of that issue and that my attorneys would incorporate that briefing into my motion. My wife's attorneys refused to do that and refused actually to even work on her motion and said that if Ms. Falk approved the briefing which would go into my wife's motion, that they would adopt it. Nevertheless, I'm sorry. I missed what you just said. Can you restate that? Yes. This is the attorney. I'm trying to understand what the attorneys for your wife said. The attorneys for my wife said that if Ms. Falk would approve the language and do site check of the briefing which I proposed to my attorneys and which was not covered in my motion, that they would incorporate that briefing into my wife's motion so my attorneys would be able to incorporate it into mine. Is it clear? So Ms. Falk was your attorney at the time? Yes. Right. So you wanted this issue you've just described to be included in your wife's brief and then your attorney would incorporate that by reference in your brief? Yes. And it was agreed between me and Ms. Falk that it would be done because there was not enough room in my brief to cover this issue extensively enough. Right. And Ms. Falk did recommend my wife's attorney to do so and she said that she site checked the brief which I proposed and that she approved it. Nevertheless, my wife's attorney failed to do that. So when you say failed, your wife's attorney concluded that it would be inappropriate to include that issue? No, my wife's attorney just didn't want to deal with it so she just repeated the argument which was in my motion rather than putting in her motion the argument which was additional and important. When you say motion, are you talking about? Motion for bail pending appeal. Okay. I'm sorry because when you said brief, a motion and a brief are two different matters. So when you said brief, I was thinking of the brief that would be filed on the merits. I understand. When I was talking about brief, I was talking about legal brief in support of the motion or the motion itself. Okay. The legal argument. I will use the word argument. So all of this that you've been describing pertains to the motion for bail pending appeal? Yes, yes. Okay. And since that motion basically included the most important central issues to my appeal and the goal of that motion was to demonstrate to the Ninth Circuit that there were substantial issues brought by my appeal. So if I recall the docket correctly, your wife's pro se motion for bail pending appeal and your counsel's motion for bail pending appeal were both considered by the court and the court granted bail pending appeal. Yes. Okay. So continue on answering the question I posed, why it is that you want to represent yourself. Yes. So Ms. Falk was totally on board with me on the issue of my conviction being void because it was unconstitutional being the central issue of my appeal. And I believe the Ninth Circuit basically agreed with us in that regard, though the order issued by the Ninth Circuit didn't distinguish basically between the issues and didn't state specifically that that issue was the decisive issue in granting a motion for bail. But I believe and my attorney believed that it was the central issue. Then when the motion was granted, I actually met with Ms. Falk when she was about to go on maternity leave or she was possibly already on maternity leave, I don't remember. But she commended myself and my wife on my wife's motion for bail and on the argument made with regard to that specific issue of the regulation being unconstitutional. And she believed that it was the main reason why our motion was granted. And she suggested that while she is on maternity leave and I am represented by another counsel that we continue that line of appeal. Ms. Falk was replaced by Mr. Borden when she went on maternity leave. And Mr. Borden chose to plan to rely on my wife's argument on that issue in her brief on appeal, in her opening brief, and incorporated into my opening brief and decided that he would cover other issues but he believed that he was not familiar sufficiently with that specific issue because that issue was dealt with by Ms. Falk. So he decided to rely on my wife's brief and incorporate that issue from my wife's brief into my opening brief. And based on that understanding, we proceeded, you know, with the opening brief and I was led to believe that that issue would definitely be the central issue of appeal. As a matter of fact, it was decided that it would be the main issue and any other issues would be presented as alternative issues because that issue was expected to avoid my conviction and have my convictions reversed and possibly the case be remanded to district court for dismissal of the indictment. When Mr. Borden filed several requests for extension of time to file opening brief, in each of them he, among reasons for the extension, he used two reasons. One was his need to follow a Supreme Court case of Gandhi with regard to non-delegation issue, which was part of that central issue I was talking about, unconstitutionality of that regulation. And two, his need to coordinate the opening brief with my wife as, per se, co-defendant. And he stated those two reasons consistently in all his requests for extensions of time to file opening brief. Nevertheless, when close to the time when the opening brief was finally needed to be filed, when I read the proposed opening brief, that issue was not there and there was no reference to my wife's brief. In fact, that issue was replaced by a very minor issue of addressing impropriety of forfeiture of three scopes with total value of under $15,000. So it looked like replacing the central issue in my appeal, which would possibly invalidate my conviction with a $15,000 issue, just didn't seem to be an appropriate course of action. So I addressed it with Mr. Borden. And it was first his, and there were other deficiencies which I found, which were not covered in the brief which I addressed to him in writing. I believe he was disingenuous in responding to my addressing other issues. And then in regard to the central issue, he just said that he made a decision not to include it and basically didn't explain why. I then accused him of quid pro quo with prosecution because I believed that failure to include the most substantive issue in my appeal while leading me to believe throughout the process that it would be the central issue in the appeal was inappropriate. And I made a number of attempts to meet with him and his boss to discuss how we can complete that brief in a cooperative manner, but I was not given that opportunity. And then I basically said that either I would be given an opportunity to coordinate that brief with my attorneys or I would seek the attorney's withdrawal. Mr. Borden later admitted that he didn't even look in that issue because Ms. Falk was the one who was familiar with the issue and he just didn't look into it at all. He admitted it in writing. So depriving me of the main issue in my appeal which would likely invalidate my conviction without looking into that issue and doing it unilaterally without consulting with me, I didn't consider it appropriate. When I accused Mr. Borden of quid pro quo with prosecution, he didn't deny that. And I gave him a choice of either cooperating with me and completing that brief, at least giving me an opportunity to discuss it, or withdrawing. He chose to withdraw and not to cooperate with me. It says in your supplemental declaration that you've prepared a brief that is ready to be filed. Is that correct? Yes. And that brief has this issue so you're satisfied with this new brief? Yes, absolutely. And it's coordinated with my wife's brief where these issues are covered. All right. And her brief is ready to be filed too? Yes. I'm going to now make sure that your waiver of the right to counsel is knowing, intelligent, and unequivocal. And in order to do that, I'm going to describe the dangers and disadvantages of self-representation on appeal. And I want counsel to pay attention to what I'm saying here, because at the end I'm going to ask if there's anything in addition that you think Mr. Morgowski needs to know about in order to make sure that his decision is knowing and intelligent. All right? So let me begin. And I understand that you are more conversant with legal procedure than most people who would appear before you. So I don't mean to insult your intelligence, but I want to go through it from the most basic standpoint. I appreciate it. All right. So an appeal is different from a trial. The proceedings occur mainly through written submissions called briefs. Those briefs have to comply with specific court rules. And if you represent yourself, you will be expected to comply with those rules. And your appeal could be dismissed if you do not comply. Do you understand that? Yes. On appeal, you must obtain and review the transcript of the trial proceedings and identify the potential legal errors committed at trial. The issues on appeal are limited to addressing what occurred at trial. The Court of Appeals does not consider new evidence. Identifying appropriate issues requires legal knowledge and sophisticated analytic ability. If you fail to identify a legal issue, you may be barred from raising that issue again. Do you understand that? Yes. You are also required to support any assertion of error with legal authority. That means you must be able to research and understand the provisions of the United States Constitution, federal statutes and rules, and the cases from the relevant courts that have discussed that area of the law. This task requires familiarity with legal research techniques. Do you understand? Yes. There are also strategic determinations that come into play in any appeal. For example, you may identify a large number of issues, but only one of which is strong and the others are weak or peripheral. It takes judgment and experience to know how many issues to raise, in what order to raise them, how to raise them in a manner that's most persuasive. If you raise too many issues, sometimes you can undermine the strength of your stronger issue by hiding it among a number of weaker issues. That's just one kind of tactical decision that experienced counsel like Mr. Borden is familiar with, but you, as not a trained lawyer, would be less familiar with. May I interject a little bit? Let me finish. I will ask you at the end. It's often difficult just to understand the analytic components of the issues on appeal, but even if you master that task, it's extremely difficult to convey that understanding persuasively in writing to judges who have only limited time to read and study the briefs. Lawyers spend years, especially appellate lawyers, spend years developing and perfecting those skills, and if you represent yourself, you'll have to do that job without the training and experience that lawyers have. Do you understand that? Yes. There also are additional difficulties you may encounter in representing yourself on appeal. Your access to legal materials may not be as free, extensive as a lawyer would have. A lawyer with an office like the Federal Public Defender has access to a lot of assistance, whereas you working essentially alone will have more limited resources. Do you understand that difference? Yes. In addition to written submissions, the court allows oral argument, typically of 10 to 20 minutes per side in some cases. The oral argument is an opportunity for the parties to ensure that the judges understand the arguments. It's also an opportunity for the judges to ask specific questions about the proper disposition of the appeal. Where a criminal defendant is represented by counsel, the court often, not always, but often will allow oral argument. Where a criminal defendant represents himself or herself on appeal, the court rarely allows oral argument, instead relies only on the written submissions. By representing yourself, you decrease the likelihood that the court will schedule an oral argument in your case. Do you understand that? I understand. All right. Now, in the earlier stage, in one of the earlier motions, what's evident here is that the issue is one potential outcome. Occasionally what the court will permit is for counsel to file a brief, and then for a defendant to file a supplemental brief raising that additional issue. That is something that could occur here. I want to know whether you have considered that as an option, and whether you think that might be a satisfactory outcome here, as opposed to filing your own pro se brief. I considered that option, and I would embrace that option if Mr. Borden didn't make some misrepresentations to me in the process, which made me just not rely on him and not trust him. All right. I don't need to hear more about that. At the outset, counsel, I asked you if there was anything additional that you could think of to add to my recitations of the dangers and disadvantages of self-representation on appeal. Counsel for the government, have anything else you would add? Just one additional point of clarification. Yes. Would you mind coming up? Can you step aside for a moment, Mr. Morgowski? Thank you. Just one additional point of clarification. You had asked Mr. Morgowski if the opening brief and the excerpts of record were ready to be filed. Yes. And the government might suggest an additional question, which is just to ensure that Mr. Morgowski understands that that line of questioning may mean that there may not be a need for additional extensions of time for the filing of the opening brief or the reply brief for him. That was the implication of that question, yes. Thank you. Since they're ready to be filed, there would be no need for any additional extension of time. Is that correct? Yes. It can be filed within days. I will need to be able to be allowed electronic filing access, which I don't have now, in order to file it. That's a detail we'll have to work out. Yes, I understand. Let me ask counsel for Mr. Morgowski if there's anything further you wish to add in terms of informing him of the dangers and disadvantages of self-representation. Mr. Borden. No, as to the advisements that the court gave, I don't have anything to add to that. Okay, thank you. All right. Okay, I think that in your proposed brief, have you had an opportunity to calculate the number of words in your brief? Because the court allows 14,000 words for an opening brief. Yes, and it's very close to that. I don't remember exact number, but it's very close to 14,000. Having heard all the dangers and disadvantages of self-representation on appeal, is it still your request that the court grant you leave to represent yourself on this appeal? Yes. Okay. My role now is to prepare a report and recommendation concerning whether the court should grant you leave to represent yourself. In making that report and recommendation, I heard what you said, but I'm not going to draw any conclusions about the quality of representation of your counsel. And I'm not going to inquire further into that issue. But I think since you are prepared to file a brief within the page limits of the court, since you've had the benefit of seeing a brief that's prepared by counsel, and assume you have taken from it what you could, that you found useful. Is that correct? Yes, I did. All right. It seems to me appropriate in this context, given your background, that I will recommend that the court exercise its discretion to allow you to represent yourself and that the court grant your counsel leave to withdraw, relieve him of his appointment. I will prepare that report and recommendation. Let me ask you this question. If my recommendation is to allow you to represent yourself, do you wish to have an opportunity to view the recommendation in advance and file any response to that? Or would you be satisfied for me to submit that to a panel of the court for them to grant the request? I would like to be able to view it before. All right. I will add that amount of time. I will give you a week to review my report and recommendation and respond to that. All right. You mentioned to me that your brief is under 14,000 words. Do you know how long the brief of your co-defendant wife is? It's also close to 14,000 words. All right. Does counsel for the government have any further statement or position that they wish to raise? I understand your interest in resolving this matter expeditiously. That is also the court's intent. Any other matter you wish to raise at this time? No. I get the no. Counsel for Mr. Murgovsky, is there anything further that you wish to state at this time? More or less no, Your Honor, particularly in light of your tentative indication on the report and recommendation. The only thing I wanted to flag was that I did file a supplemental motion to withdraw based off of sort of the breakdown in the attorney-client relationship, which I think you may have some more insight on now. Right. But I think that will be moot in the event, obviously, that you grant the – I guess if the motions panel adopts your recommendation, then that matter, I guess, would be moot. But I did want to just flag that. The court will rule on that motion, the motion to seal and the motion to seal ex parte and the motion to be relieved as counsel will be resolved by the motions panel along with their evaluation of the report and recommendation.  Well, thank you, Your Honor, and otherwise I don't have anything else to add. Okay. Thank you very much for appearing. Anything else, Mr. Murgovsky? No, I just wanted to add that I have subscribed to legal database for the last probably 15, 20 years, and after these events with Mr. Borden have started happening, I subscribed to LexisNexis basically, and I have access to all the resources from LexisNexis. All right. I will make inquiry about how best to resolve the question of electronic filing. I know it would be much easier to do that.  I want to just confirm that the contact information for you that's reflected on the docket sheet is correct, 1423 Avondale Road in Hillsborough? Yes. And 415-593-5346? No. That's not good. It's a very, very old telephone number. All right. Probably 20 years old. So please give me your current telephone number. 415-706-5420. And your current e-mail address? It's N, like in Nancy, A-U-M, like in Mary, M, like in Mary, O-R-G-O-V, like in Victor, S, like in Sam, K-Y, all one word, at yahoo.com. So it's your first and last name at yahoo.com? Yes. Okay. We'll take steps to make sure that you can file electronically. Thank you. And I will also need to file some excerpts of record under seal as well. You would need to file a motion to do so, and you will need to take a look at our local rule 27-13. Yes. That governs sealing. And there's also, in connection with that, there's a form that the court makes available that will guide you in sealing the document that goes through the steps. Thank you. One of the potential problems I foresee as far as electronic filing, when I was assisting my niece in electronic filing in federal court, but it was in the district court, she was allowed to file electronically by court order, but she was not able to do filings under seal for some reason. And this is something which I discovered from the support team with electronic filing department. So I don't know if such problem would exist in the Ninth Circuit. I do not know either. That's something that you would need to resolve with our clerk's office staff. I understand. When you're prepared to file. But I think if you follow the 27-13 guidelines along with the form, I hope that that would be sufficient to clear any obstacle. Thank you. And we do have a wonderful staff that's very helpful. I've already discovered that. Good. And I've used Ninth Circuit Law Library, and the staff was just phenomenal. I'm proud of our court and our staff. Thank you for that commendation as well. Good. All right. Anything else from you, Mr. Morgowski? Thank you very much. Anything else from the government? Anything else from counsel? All right. So thank you all for coming today and your presentations. And I will issue a report and recommendation shortly and get this case moving to its successful completion. Thank you all. Thank you. All rise. The court for this session stands adjourned.
judges: Peter Shaw, Appellate Commissioner